**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LYRIC R.,**

                                              **Plaintiff,**

    **vs.**                                                          **1:25-cv-00234**
                                                                          **(MAD/MJK)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**HILLER COMERFORD INJURY**          **JUSTIN M. GOLDSTEIN, ESQ.**
**& DISABILITY LAW**
6000 North Bailey Avenue, Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **AMY BLAND, ESQ.**
6401 Security Boulevard               **VERNON NORWOOD, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

    Lyric R. ("Plaintiff") commenced this action on February 21, 2025, pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3). Dkt. No. 1. Plaintiff seeks review of a decision by the Commissioner

of Social Security ("Defendant" or "the Commissioner"), which denied her application for

supplemental security income ("SSI") and disability insurance benefits ("DIB") based on a lack of

disability. *See id.* Both parties filed briefs, which the Court treats as motions under Federal Rule

of Civil Procedure 12(c), on the issue of whether substantial evidence supports the decision of the

Administrative Law Judge ("ALJ") regarding Plaintiff's disability status. *See* Dkt. Nos. 7, 14, 15.

In a Report-Recommendation dated December 2, 2025, Magistrate Judge Mitchell Katz recommended that Plaintiff's motion be granted, Defendant's motion be denied, and the Commissioner's decision be remanded for further administrative proceedings.[1] Dkt. No. 16. Neither party filed objections to the Report-Recommendation.

When a party declines to file objections to a magistrate judge's report-recommendation, the court reviews the recommendations for clear error. *See Coleman v. Hanuszczak*, No. 5:16-CV-735, 2016 WL 4523918, *1 (N.D.N.Y. Aug. 22, 2016); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Petersen*, 2 F. Supp. 3d at 229 (citation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Magistrate Judge Katz correctly stated that a "substantial evidence" standard applies to the ALJ's decision. Dkt. No. 16 at 3; *see Biestek v. Berryhill*, 587 U.S. 97, 99 (2019) (citing 42 U.S.C. § 405(g)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek*, 587 U.S. at 102 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although "the threshold for such evidentiary sufficiency is not high[,]" *id.* at 103, "[i]t is more than a mere scintilla or a touch of proof here and there in the record[,]" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

---

[1] Although the final page of the Report-Recommendation states that the Court should affirm the Commissioner's decision, it is clear from the surrounding context that Magistrate Judge Katz recommends remanding the decision.

Furthermore, as Magistrate Judge Katz mentioned, ALJs use a five-step analysis to evaluate disability insurance and supplemental security income claims.  Dkt. No. 16 at 3. Magistrate Judge Katz did not elaborate on those steps, so the Court summarizes them as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity.  If [she] is not, the Commissioner next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which meets or equals the criteria of an impairment listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the Commissioner will consider [her] [per se] disabled . . . .  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [she] has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Brown v. Colvin*, No. 5:14-cv-725, 2015 WL 4488670, *4 (N.D.N.Y. July 22, 2015) (quoting *Selian v. Astrue*, 708 F.3d 409, 417-18 (2d Cir. 2013); citing 20 C.F.R. §§ 404.1520, 416.920). As Magistrate Judge Katz explained, Plaintiff argues that in applying the five-step framework, the ALJ failed to properly evaluate her migraines, mischaracterized evidence, failed to provide reasoning that constitutes an adequate basis for meaningful judicial review, and failed to address necessary evidence.  Dkt. No. 16 at 6-7; *see also* Dkt. No. 7.

In recommending remand of the ALJ's decision, Magistrate Judge Katz first concluded that the decision "misunderstands the insidious nature of migraines" and "discount[s] the intensity, persistence, and limiting effects of Lyric's migraines."  Dkt. No. 16 at 7-8.  More specifically, Magistrate Judge Katz found that the ALJ "put blinders on, examined only the objective medical evidence, and refused to acknowledge other parts of the record."  *Id.* at 8.

Because it is improper for an ALJ to look only for objective evidence of severe headaches while ignoring other evidence in the record, *see Dodson v. Berryhill*, No. 6:16-CV-0597, 2017 WL 2838167, at *9-10 (N.D.N.Y. June 30, 2017), the Court sees no clear error in Magistrate Judge Katz's determination. For example, Magistrate Judge Katz rightly observed that the ALJ, with no apparent basis, declared Plaintiff's headaches "well managed and controlled . . . ." Dkt. No. 16 at 8 (quoting Dkt. No. 6 at 28). The ALJ pointed broadly to Plaintiff's continuous treatment as evidence of successful management and control, Dkt. No. 6 at 28, but as Magistrate Judge Katz emphasized, Plaintiff continues to experience daily headaches that have required higher medication doses over time, Dkt. No. 16 at 8-9. Moreover, Plaintiff reported that constant headaches prevent her from sleeping for more than two hours at a time, and her dizziness prevents her from driving. Dkt. No. 6 at 204, 206. These issues militate against a finding of successful management or control, and as Magistrate Judge Katz aptly stated, "it is unclear what the ALJ reviewed to determine that Lyric's migraines were 'well managed and controlled with medication.'" Dkt. No. 16 at 9. Because of the ALJ's failure to identify specific, substantial evidence from the record to support this conclusion, the Court finds no clear error with Magistrate Judge Katz's determination on this issue.

Second, Magistrate Judge Katz concluded that the ALJ "mischaracterize[d] the record and relie[d] on the mischaracterization" by overstating how much Plaintiff can lift and overestimating her dexterity. *Id.* at 10-11. The Court does not discern any clear error in Magistrate Judge Katz's observations of certain discrepancies between the ALJ's conclusions and the evidence in the record. *See* Dkt. No. 6 at 28 (ALJ referencing Plaintiff's ability to change her cat's litter and prepare "simple, basic meals," including chicken and pasta, as evidence of non-disability); *id.* at 204 (function report stating that Plaintiff feeds her cat but does not change its litter because the

bag is too heavy); *id.* at 204-05 (function report stating that although Plaintiff can prepare bagels, eggs, soup, sandwiches, and frozen meals independently, and reported no problems with personal care, her vertigo limits her ability to prepare meals); *id.* at 48 (Plaintiff testifying at the administrative hearing that she cannot not prepare "chicken in the oven or pasta on the stove[,]" and that her "mom does most of the cooking"). To the extent that the ALJ relied on erroneous factual recitations in deeming Plaintiff non-disabled, the Court agrees with Magistrate Judge Katz that substantial evidence does not support those portions of the decision.

Likewise, the Court also finds no clear error with Magistrate Judge Katz's determination that the ALJ failed to "create a logical bridge of reasoning" between the cited record evidence of Plaintiff's routine activities and her ability to work. Dkt. No. 16 at 12; *see also id.* at 15 (citing *Renee M. B. v. Comm'r of Soc. Sec.*, No. 1:19-cv-00922, 2021 WL 716704, *6 (W.D.N.Y. Feb. 24, 2021)) ("All in all, the fact that Lyric can read, watch television, and play games on her phone alone is insufficient evidence to say Lyric can perform full time employment"). Although ALJs consider a wide range of information related to a claimant's symptoms, *see* 20 C.F.R. § 404.1529(c), "[i]t is well-settled law in th[e Second] Circuit that [basic daily] activity does not, in itself, contradict a claim of disability, 'as people should not be penalized for enduring the pain of their disability in order to care for themselves[,]'" *Brown v. Comm'r of Soc. Sec.*, No. 06-CV-3174, 2011 WL 1004696, *5 (E.D.N.Y. Mar. 18, 2011) (quoting *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000)) (stating that the ALJ and Commissioner needed to show how the claimant's "occasional outings, relationship with a girlfriend, and episodic driving add[ed] up to an ability to sit upright for six hours every workday . . ."). Although the ALJ was correct to consider Plaintiff's daily activities, the decision fails to explicate why Plaintiff's ability to feed her cat, groom herself, prepare basic foods, perform light household chores, accompany her mother to

the grocery store, take short walks, read, watch television, or play games on her phone indicate a lack of disability.

Furthermore—although unaddressed in the Report-Recommendation—the ALJ's determination that Plaintiff can work, and therefore is not disabled, discounts her treating neurologist's opinion that Plaintiff "would be incapable of low stress work." Dkt. No. 6 at 30; *see id.* at 665. ALJs must use a five-factor analysis to evaluate the persuasiveness of medical opinions for claims filed after March 27, 2017. Those factors are "supportability," "consistency," "relationship with the claimant," "specialization," and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 416.920c(c)(1)-(5). Inexplicably, the ALJ prioritized the opinion of Dr. Penn, Plaintiff's neurosurgeon, over opinions of other healthcare providers. *See* Dkt. No. 6 at 30-31. For example, the record shows that Plaintiff communicates monthly with her treating neurologist, Dr. Kumar, and has visited Dr. Kumar every other month for more than three years. *Id.* at 665. On the other hand, the record shows that Plaintiff only has "annual" contact with Dr. Penn. *Id.* at 662. Regardless, the ALJ determined that Dr. Kumar's assessment of Plaintiff's inability to work is "unpersuasive," partially because of its inconsistency with Dr. Penn's opinion. *Id.* at 30-31. Although an ALJ need not expressly mention each of the five factors, *see Jennifer A. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1167, 2023 WL 8654215, *4 (N.D.N.Y. Dec. 13, 2023), there is no indication that the ALJ even considered the extent of each provider's relationship with Plaintiff, their medical specialties, or their relative expertise. Moreover, "[i]t is well-established that an ALJ may not generally assert that an opinion is 'consistent with' or 'supported by' the record, without further elaboration." *Jessica L.M. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00403, 2025 WL 1994917, *11 (N.D.N.Y. June 9, 2025), *report-recommendation adopted*, 2025 WL 1994646

(N.D.N.Y. July 17, 2025). As such, in addition to the reasons Magistrate Juge Katz identified, the ALJ's failure to properly evaluate the persuasiveness of various medical opinions warrants remand.

Finally, although also not addressed in the Report-Recommendation, the parties dispute whether the ALJ was required to discuss Plaintiff's Eastern Cooperative Oncology Group ("ECOG") performance scores. *See* Dkt. No. 7 at 23; Dkt. No. 14 at 13-14. The applicable regulations require ALJs to "consider all evidence in [the claimant's] case record[,]" 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3), but do not require them to explicitly mention every piece of record evidence in the decision, *see Durakovic v. Colvin*, No. 3:12-CV-6, 2014 WL 1293427, *8 (N.D.N.Y. Mar. 31, 3014) (collecting cases). Thus, the ALJ was required to consider the ECOG scores as part of the record, but did not need to mention them explicitly.

Having reviewed the Report-Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Katz correctly determined that the Court should remand the Commissioner's decision for further proceedings.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 16) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion (Dkt. No. 7) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion (Dkt. No. 14) is **DENIED**; and the Court further

**ORDERS** that Defendant's decision denying Plaintiff benefits is **REMANDED pursuant to sentence four** of 42 U.S.C. § 405(g) for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 13, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

8